08 CV 01709

JUDGE SULLIVAN

BLANK ROME, LLP
Attorneys for Plaintiff
KINGS OCEAN SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KINGS OCEAN SHIPPING CO. LTD.,

    Plaintiff,

-against-

RICHFIELD CORPORATION LTD.,

    Defendant.

---



08 Civ.
1709

**VERIFIED COMPLAINT**

Plaintiff, KINGS OCEAN SHIPPING CO. LTD. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, RICHFIELD CORPORATION LTD. ("Defendant"), alleges upon information and belief as follows:

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2.    At all material times, Plaintiff was and now is a foreign corporation with no place of business in this District.

3.    At all material times, Defendant was and is a foreign corporation with its offices at Room 1010, Huasheng Bldg. No. 399, Jiujiang Road, Shanghai 2001, PRC, and no office or place of business in this Judicial District.

4. On or about December 21, 2007, Plaintiff, as owner of the M/V TINAI ("the Vessel"), entered into a charter party ("the Charter") with Defendant, as Charterer, for the carriage of a part cargo of general cargo from Shanghai to Luanda, Angola.

5. The Vessel was detained 21.25 days at Luanda attributable to Defendant's cargo, for which Defendant is liable to recompense Plaintiff at the rate of US$25,000 per day, for a total detention charge of $531,250.

6. Additionally, Plaintiff is entitled to recover shifting charges of US$4,477, stevedore charges of $24,736.95, and additional hour charges of US$15,837.

7. Plaintiff performed all obligations required of it under the Charter, but Defendant has failed to pay the aforesaid charges, despite due demand, and is liable to Plaintiff for the sum of US$576,301.85.

8. The Charter provides for the arbitration of disputes in Hong Kong, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

9. Arbitrators in Hong Kong routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

10. Plaintiff estimates it will recover interest of at least US$92,336 at a rate of 7.5% compounded quarterly for a period of two years, and arbitral and legal costs of at least US$150,000.

11. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$818,637.85**.

12. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the

pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of **US$818,637.85** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the Hong Kong arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       February 20, 2008

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff

By _____
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000
tbelknap@blankrome.com
jgreenbaum@blankrome.com

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
20th day of February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

311510.1
129038.06501/6617348v.1

5

BLANK ROME, LLP
Attorneys for Plaintiff
KINGS OCEAN SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KINGS OCEAN SHIPPING CO. LTD.,

    Plaintiff,

-against-

RICHFIELD CORPORATION LTD.,

    Defendant.

08 Civ.

**AFFIDAVIT UNDER**
**SUPPLEMENTAL RULE B**

---

STATE OF NEW YORK    )
                                  ) ss:
COUNTY OF NEW YORK  )

    JACK A. GREENBAUM, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, RICHFIELD CORPORATION LTD. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

129038.06501/6617385v.1

2.      Defendant is a party to a maritime contract of charter party and is a foreign corporation with offices at Room 1010, Huasheng Bldg. No. 399, Jiujiang Road, Shanghai 2001, PRC, and no office or place of business in this Judicial District.

3.      Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.      In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

                                                                                    _____
                                                                                    JACK A. GREENBAUM

Sworn to before me this
20th day February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Exp. Nov. 30, 2009

311808.1
129038.06501/6617385v.1

2