UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KINGS OCEAN SHIPPING CO. LTD.

              *Plaintiff,*                  **08 Civ. 1709 (RJS)**

   - against -

RICHFIELD CORPORATION LTD. and
RICHFIELD MARINE AGENCIES (S) PTE. LTD.,

              *Defendants.*
-------------------------------------------------------------X

## DECLARATION OF CHAK CHEW ("C.C.") TAN

    I, **CHAK CHEW ("C.C.") TAN**, pursuant to Section 1746 of Title 18 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2. This declaration is respectfully submitted in support of defendant, RICHFIELD MARINE AGENCIES (S) PTE. LTD's (hereinafter "RICHFIELD MARINE"), motion to vacate a pending Rule B attachment and to dismiss the U.S. legal proceedings as against RICHFIELD MARINE.

3. I am a citizen of Singapore and a resident of Singapore.

4. I make this declaration based upon my personal knowledge, official company records, my own investigation and discussions with our legal advisors.

5. RICHFIELD MARINE is a corporation existing by virtue of the laws of Singapore with its principal place of business at #08-00 St. Andrew's Centre, 250 Tanjong Pagar Road, Singapore, 088541. In the second quarter of 2007, we opened an office in

Shanghai. A copy of the Registration Certificate of Foreign Enterprises Permanent

Office in China is attached hereto as Exhibit "A."

6. RICHFIELD MARINE is a wholly owned subsidiary of Richfield International Ltd.,

an Australian publicly listed and traded company with a principal place of business at

Level 2, Spectrum, 100 Railway Road, Subiaco, WA 6008, Australia.

7. I am the Managing Director of both RICHFIELD MARINE and Richfield

International Ltd.

8. Richfield International Ltd. has a second wholly owned subsidiary called Speeda

Shipping Co. (Singapore) Pte Ltd. (hereinafter "Speeda"). Speeda has never had

anything to do with defendant, Richfield Corporation Ltd.

9. In summary, Richfield International Ltd. (the Australian listed company) has two (2)

wholly owned subsidiaries: RICHFIELD MARINE and Speeda Shipping Co.

(Singapore) Ptd. Ltd. This information is readily available in the public domain, as

well as on our website (www.richfield.com.sg). Also, I attach a letter dated July 24,

2008, from Mr. Simon Headon, Secretary of Richfied International Ltd. attesting to

the accuracy of this assertion. *See* Exhibit "B."

10. The nature of the business of Richfield International Ltd and its' two (2) wholly

owned subsidiaries, RICHFIELD MARINE and Speeda, is the provision of

brokerage, port and shipping services for ocean going vessels in both the liner and

tramper trade, the chartering and operating of handy-sized ships in the dry-bulk

shipping sector and the operation of containerized traffic services.

11. It is my understanding that the Plaintiff in this lawsuit has a claim against a company called Richfield Corporation Ltd. and has alleged that RICHFIELD MARINE is an alter ego of Richfield Corporation Ltd.

12. This allegation is completely wrong. Apart from the unfortunate (and apparently very misleading) fortuity of the companies having similar names, Richfield Corporation Ltd. is *wholly unrelated* to RICHFIELD MARINE (and/or Richfield International Ltd. and/or Speeda).[1]

13. RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), are completely separate and distinct corporate entities from Richfield Corporation Ltd. (i.e. – the defendant in this matter).

14. RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), have no overlap in ownership, officers, directors and personnel with Richfield Corporation Ltd., the defendant in this matter.

15. RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), do not share office space; do not have a common address; have completely separate telephone numbers; and have complete different Email addresses from Richfield Corporation Ltd., the defendant in this matter.

16. Richfield Corporation Ltd., the defendant in this matter, has absolutely nothing to say about how RICHFIELD MARINE (and/or Richfield International Ltd. and/or Speeda) conducts its business. In simple terms, there is no connection between the companies.

---

[1] Apparently, counsel for Plaintiff was confused by the similarity in names, as he sent a notice of attachment intended for the Bangladeshi defendant, Richfield Corporation Ltd. to RICHFIELD MARINE'S Shanghai office. *See* Blank Rome letter dated March 31, 2008 attached hereto as Exhibit "----." As more fully set forth herein, the companies are wholly unrelated and apart from a single, arms-length transaction, there is no connection whatsoever.

17. RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), has never guaranteed anything on behalf of Richfield Corporation Ltd.

18. I know Richfield Corporation Ltd. to be a Bangladeshi company. The limited dealings I have had with them have been with an individual named Zaman Anis, who I understand to be the director of that company.

19. I have advised Mr. Anis of the outstanding lawsuit and have advised that Plaintiff's counsel has alleged that our companies are alter egos. In response, and as further evidence of the fact that there is no relation between RICHFIELD MARINE and Richfield Corporation Ltd., Mr. Anis has provided me with three (3) testimonial letters (dated July 23, July 25 and July 28), which I attach hereto as Exhibits "C," "D," and "E," respectively.

20. I am aware of only one arms-length business transaction ever being conducted between RICHFIELD MARINE and Richfield Corporation Ltd.

21. Richfield Corporation Ltd. hired RICHFIELD MARINE to act as its local agent and brokered a deal in connection with a voyage charter party it concluded with Plaintiff, Kings Ocean, for the carriage of general cargo on board the M/V TINAI from Shanghai to Luanda, Angola. A copy of the September 21, 2007, fixture note (i.e. – the voyage charter party) is attached hereto as Exhibit "F."

22. RICHFIELD MARINE was not a party to the charter-party or any other maritime contract Plaintiff or Richfield Corporation Ltd may have concluded by and between themselves.

23. As part of our services, we were asked to receive the freight being paid from the Chinese shipper. It is my understanding that the Chinese shipper was either unable or

unwilling to make payment to a Bangladeshi company and insisted on making

payment to a local registered company.  Defendant, Richfield Corporation Ltd. asked

us to assist in this regard, and we agreed.

24. None of the funds that were paid or received in connection with that transaction were

restrained.

25. At present, it is our understanding that several of RICHFIELD MARINE's incoming

and outgoing U.S. dollar wire transfers have been attached at intermediary or

clearinghouse banks located in New York and all future U.S. dollar transfers will be

restrained until sufficient funds have been restrained to satisfy the order of attachment

or this Honorable Court vacates the attachment as against RICHFIELD MARINE.  A

summary of details of the transfers which I understand have been restrained is

attached hereto as Exhibit "G."

26. As set forth above, such restraints are improper and are truly serving to cripple our

business.

27. Perhaps worse, the attachments are wrongly punishing our other clients whose money

has been restrained.

28. We act as local shipping agents for many different principals and regularly act as a

conduit for payments to be made or received by our disclosed principal(s).  This is

customary in the marine brokerage and agency business and precisely what we were

asked to do (and did) for Richfield Corporation Ltd. in connection with an arms

length transaction between two (2) otherwise unrelated business entities.

29. RICHFIELD MARINE is not qualified, registered, licensed or authorized to do

business in the State of New York.

5

30. RICHFIELD MARINE does not have an agent in New York who is authorized to accept service of process on its' behalf.

31. RICHFIELD MARINE has not consented to jurisdiction in the State of New York nor has the company agreed to arbitration in the State of New York for any matters related to this lawsuit.

32. RICHFIELD MARINE does not maintain an office or employees in the State of New York.

33. RICHFIELD MARINE does not own property in the State of New York.

34. RICHFIELD MARINE does not maintain bank accounts in the State of New York.

35. RICHFIELD MARINE does not "do business" or conduct business within the State of New York.

36. Accordingly, I respectfully request that the order of maritime attachment as against RICHFIELD MARINE be vacated and the pending proceedings as against RICHFIELD MARINE be dismissed.

37. I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.


Dated: July 29th, 2008
       Singapore

**CHAK CHEW TAN**

# EXHIBIT "A"

# 外国(地区)企业常驻代表机构

# 登 记 证

## REGISTRATION CERTIFICATE

## OF

## FOREIGN ENTERPRISES PERMANENT OFFICE

## IN CHINA

企外沪驻字第17395号(市局)

注册号：

Certificate No.

证照编号00000002200701220103

企业标识00000002200701220181

该代表机构经审核准予登记注册。特发此证。

The    following    representative    office    is

hereby    granted    this    registration    certificate

编号：№ 0148424

机构名称　（中文）　富田船务新加坡私人有限公司上海代表处
Name of Office (外文)　Shanghai Richfield Marine Agencies (S) Pte Ltd

地址　上海市黄浦区九江路399号1010室（华盛大厦）
Address Rm 1010 Huasheng Building, No. 399 Jiujiang Road, Shanghai 200001.

首席代表姓名　林秀芝　　　　国籍　新加坡
Name of Chief Representative　　　Nationality

业务范围
Scope of Business
协助本公司联系处理航运业务事宜。

派出企业名称　富田船务新加坡私人有限公司
Name of Head Office

派出企业注册地　250 Tanjong Pagar Road #08-00 St. Andrew's Centre Singapo
Registered Address of Head Office

本机构设立日期　二〇〇七年一月二十二日
Issued on

驻在期限自 00六年十二月六日　至 二〇〇九年十二月五日
Residence from　　　　　　　to

本证有效期限自 二〇〇七年一月二十二日 至 二〇〇九年十二月五日
Valid from

中华人民共和国国家工商行政管理总局局长

DIRECTOR－GENERAL OF STATE
ADMINISTRATION FOR INDUSTRY
AND COMMERCE OF THE PEOPLE'S
REPUBLIC OF CHINA



二〇〇七 年 一月二十日

# 外国(地区)企业常驻代表机构

# 登记证

中华人民共和国国家工商行政管理总局

# EXHIBIT "B"

# RICHFIELD INTERNATIONAL LIMITED
ACN  103 306 403

24 July 2008
RICHSCT/C684

Mr CC Tan
#08-00 St Andrew's Centre
250 Tanjong Pagar Road
SINGAPORE 088541

Dear Mr Tan

**Richfield International Limited**

Richfield International Limited is a publicly Listed Company on the Australian Stock Exchange having been admitted to the official list on the 17 March 2006.

The Group Structure is that Richfield International Limited is the Parent Entity and Richfield Marine Agencies (S) Pte Ltd and Speeda Shipping Co (S) Pty Ltd are Subsidiary entities.

There are currently no other Subsidiary entities, Companies or Associated Companies that Richfield International Limited has an interest in or affiliation with.

Yours faithfully

**Simon Headon**
**Company Secretary**

EXHIBIT "C"

 # Richfield Corporation Limited.

Facy Building (2ⁿᵈ floor),87, Agrabad C/A, Chittagong, Bangladesh.

Date: 23.07.2008

To,
Richfield Marine Agencies (S) Pte. Ltd.

Dear Sirs,

This is to confirm that at all times your Richfield Shanghai office was acting on behalf of us as broker & agent for the fixture of M.V. Tinai entered with Kings Ocean Shipping Co. Ltd.

We also confirm that Richfield Marine Agencies (S) Pte. Ltd. was acting as our agent and being instructed by us to receive freight from our Chinese Shipper and to remit freight due to Kings Ocean Shipping Co. Ltd. after deducting your brokerage commission.

Kindly note Richfield Marine Agencies (S) Pte. Ltd. is acting as our agent and broker only and not related what so ever manner with us.

Kindly be guided accordingly.

Thanking you.

Your Faithfully

Zaman Anis

HP-8801678060101

Ophellia (2ⁿᵈ Floor) Apt #2/D,House # 120,Road #1,Block # F,Banani,Dhaka-1213,Bangladesh

# EXHIBIT "D"

FROM :WESTERN COMMUNICATION        FAX NO. :0088 031 2513114        Jul. 25 2008 03:14PM P1



# Richfield Corporation Limited,

Facy Building (2nd Floor) 87, Agrabad C/A, Chittagong, Bangladesh.
Phone : 88-031-724857 / 2526453, Fax : 2526458

25th July-2008

To
**Richfield Marine Agencies (S) Pte. Ltd.**

Re : Clarification of Allegation and Certifying of Totally Non-Related Entity.

As requested by your insistence on the above and that your company being alleged as an "alter-ego" resulting to being named as one of the defendants, when it is a factual basis that you were acting as an agent only onbehalf of us to receive freight money for the fixture of MV Tinai from the China.

This is totally outrightly ridiculous and we regret such situation happened to you when acting as our agent.

The reason we did not want to enter arbitration with the owner (Kings Ocean) was the fixture was on the basis of discharging term under Liner Term and there should be no demurrage claim.

This company in Bangladesh have been in the chartering business as you are aware as one of our co-operating agents in the Far East supporting our business whereby we concentrates only in Bulk hipping on breakbulk cargoes only.

Worldwide there are ten over thousands of shipping agents acting for principals, as an agent your company should not be alleged by any lawyers to be involved with any principals' legal matters and this outrageous manner must be condemned by anyone and indeed shocking in the world of shipping agents.

We regret the above.

Yours truly,

Zaman Anis
Director
Richfield Corporation Limited

---

Ophellia (2nd Floor) Apt# 2/D, House # 120, Road # 1, Block # F, Banani, Dhaka-1213, Bangladesh.

EXHIBIT "E"

FROM :B.S.CARGO LTD              FAX NO. :088031814455        Jul. 28 2008 09:06AM  P1



# Richfield Corporation Limited.

Facy Building (2nd Floor) 87, Agrabad C/A, Chittagong, Bangladesh.
Phone : 88-031-724857 / 2526453, Fax : 2526458

28th July-2008

To : Richfield Marine Agencies (S) Pte Ltd
    To Whom It May Concern

Dear Sirs,

As requested, we hereby write to confirm that Richfield Corporation Ltd is operated by us with offices in Chittagong and Dhaka, Bangladesh.

We are not in any whatsoever manner related with Richfield Marine Agencies (S) Pte Ltd and its group except as a purely business Principal and Agent relationship in our drybulk chartering business.

Richfield Corporation Limited belongs to our group in Bangladesh and have nothing to do with Richfield Marine Agencies (S) Pte Ltd, the latter is purely our shipping agent acting for us, and is not our shareholder, not our director or officer at all.  We do not have any offices in China or Singapore except operating within our agency network throughout Far East to Indian Sub-Continent and Middle East.

Kindly be guided of the above accordingly.

Yours truly,

Zamun Anis
Director
Richfield Corporation Limited

Ophelia (2nd Floor) Apt# 2/D, House # 120, Road # 1, Block # F, Banani, Dhaka-1213, Bangladesh.

EXHIBIT "F"

FIXTURE NOTE
Dated 21st, Sep, 2007

STRICTLY PRIVATE AND CONFIDENTIAL
All negotiation and subsequent fixture of this Charter Party shall not be reported nor declared to other parties, other than Owners and Charterers as mentioned below.

1. Owner's Name: Kingsocean

2. Charterer's Name: Richfield Corporation Limited

3. Performing vessel: MV'TINAI'
1991BLT, KOREA FLAG, GRT/NRT : 12,379/7,438 DWT:16,979 MT ON 9.94M
LOA/BM/DEP 158.8/22.8/13.4M  G/B 24,558/22573CBM
5H/9H/TD  CRANE 12.5MT X 4 , 63MT HEAVY LIFT
ADA WOG.

4. Total About 5200 r.ton/3700MT of general cargo
(Same as charterer's finalized packing list)

5. As part cargo to be stowed under-on deck shipment in carrier's option

6. Loading port   : 1safe owner's berth port of Shanghai, PRC

7. Discharging port : 1safe owner's SONIL berth port of LUANDA, Angola
CHARTERER MUST GET PERMISSION TO DISCHARGING AT SONIL BERTH

8. Owners/vessel/master are satisfied themselves the limitation of the draft both ends.

9. Laycan : 28th September, Oct, 2007

10. Transshipments is strictly forbidden. Owners shall be responsible for all responsibility and risks for financial loss and damages that may be caused to the charterers as a consequence of transshipment.

11. Owners agree to sign clean on board bs/l against shippers single LOI in owners p&i club standard wording,

12. Owners has liberty to choose bill of lading form

13. Freight rate : USD 133.00 per r.ton LINER term basis 1/1

14. Full freight to be paid into owners nominated bank account within 5 banking days after completion of loading and signing/releasing original bill's of lading.

15. Freight deemed earned in completion of loading, discountless and non-returnable vessel and/or cargo lost or not lost

16. Detention USD 25000 per day or pro-rata only in case cargo/cargo documents are not ready



at loading port and or cargo documents are not ready upon vessel's arrival at discharging port. Detention shall be calculated using SOF produced by load/discharge port agents and signed by port authorities or stevedore company and countersigned by Master.

Detention to be settled within 10 working days after presentation of all supporting documents

17. Any taxes/dues/fees on cargo to be for Charterers account at loading port, same on vessel/ freight to be for Owners account both ends.

18. Vessel warranted having full valid insurance, P & I covered, and ship's trading documents in order during the entire voyage, the vessel is not subject to any due deferred deficiencies as a result of detention by any port state control organization.

19. Owners/Master to provide sufficient notice 7/5/3/2/1 days in advance for both loading and discharging ports

20. Vessel's gears must be in good workable conditions and can be freely used

21. Owners agents at Both ports.

22. Should vessel can not berth alongside by reason of receiver's inability of providing direct delivery as per mandatory rules made by port authority, any time loss of waiting for preparation of direct delivery shall count as detention; should owners to pay any additional charges including stevedoring cost, storage fee and any other expenses in order to avoid or reduce the time of idling due to receiver's inability of providing direct delivery, charterers should compensate owners fully for all the costs or expenses incurred prior to completion of discharging; All cost incurred due to port congestion,it should be owner's liability and owner's account.

23. Arbitration in Hong Kong according to LMAA standard arbitration clauses

24. Other terms/details/conditions as per Gencon Charter Party 1994 edition.

25. Subject to master's approval for finalized packing list till 1600hrs/24th. Sep.

26. ttl com 3.75%
For Charterers



KINGS OCEAN SHIPPING CO., LTD.
For Owners

FOR AND ON BEHALF OF

EXHIBIT "G"

## TINAI/RICHFIELD

| BANK | DATE | AMOUNT | RICHFIELD ENTITY |
|---|---|---|---|
| JPMorgan Chase | 7/21/08 | $ 5,000 | Richfield Marine Agencie(s) Pte. |
| Wachovia | 7/18/08 | $ 8,302 | Richfield Marine Agencie(s) Pte. |
| JPMorgan Chase | 7/18/08 | $34,784.11 | Richfield Marine Agencie(s) Pte. Ltd. |
| HSBC | 7/16/08 | $ 13,206 | Richfield Marine Agency |
| JPMorgan Chase | 7/15/08 | $ 5,000 | Richfield Marine Agencies Pte. Ltd. |
| JPMorgan Chase | 7/14/08 | $ 4,037.25 | Richfield Marine Agencie(s) Pte. Ltd. |
| JPMorgan Chase | 7/1/08 | $ 5,784.49 | Richfield Marine Agencie(s) Pte. Ltd. |
| JPMorgan Chase | 7/10/08 | $ 8,762.00 | Richfield Marine Agencies S Pte. Ltd. |
| HSBC | 4/1/08 | $13,148.80 | Richfield Corporation Limited |
| Bank of America | 3/27/08 | $ 18,753 | Richfield Co., Ltd. |