UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KINGS OCEAN SHIPPING CO. LTD.

|  |  |
|---|---|
| *Plaintiff,* | **08 Civ. 1709 (RJS)** |

- against -

RICHFIELD CORPORATION LTD. and
RICHFIELD MARINE AGENCIES (S) PTE. LTD.,

*Defendants.*
-------------------------------------------------------X

### SUPPLEMENTAL DECLARATION OF CHAK CHEW ("C.C.") TAN

I, **CHAK CHEW ("C.C.") TAN,** pursuant to Section 1746 of Title 18 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2. This declaration is respectfully submitted in further support of defendant, RICHFIELD MARINE AGENCIES (S) PTE. LTD's (hereinafter "RICHFIELD MARINE"), motion to vacate a pending Rule B attachment and to dismiss the U.S. legal proceedings as against RICHFIELD MARINE.

3. I make this declaration based upon my personal knowledge, official company records, my own investigation and discussions with our legal advisors.

4. It is my understanding that during the conference held before the Court on Thursday, July 31, 2008, counsel for the Plaintiff presented the four (4) pages attached hereto as Exhibit "A," which he (or his staff) printed from Richfield International website sometime in May or June and argued to the Court that my declaration is, ostensibly, false and a lie.

5. I have not lied and fully stand behind the statements I made in my prior declaration.

6. I would like to provide the Court with a short explanation concerning the construction of our website and why its contents were changed.

7. We thought it would be a good business idea to include a few of the companies that we did business with on our website in an effort to show that we were a substantial company which did business with other substantial established companies. As such, we listed a few of these companies under a section called "Affiliated & Associated members of the Richfield Group of Companies."

8. We chose this title because we thought it was logical, as all of the companies, with the exception of Vanuatu Registries Limited., began with the name Richfield.

9. We did not mean to mislead anyone visiting our website and did not mean to suggest that there was anything apart from an arms-length business relationship with Richfield International Limited (the parent and publicly traded company) and its' wholly owned subsidiaries, RICHFIELD MARINE and Speeda.

10. To me, this was perfectly clear. Certainly, no one would think that there was anything but an arms length relationship with Vanuatu Registry, which is a sovereign entity and arm of the Vanuatu Government. I assumed that the same logic was clear with respect to the other companies listed in the same context.

11. On or about June 16, 2008, we were contacted by the Australian Securities & Investment Commission ("ASIC") to inquire about some concerns that arose during their review of the year end financial reports submitted by our parent company, Richfield International Limited, in connection with the year ended December 31, 2007. Perhaps most relevant, a question arose about the listing of "affiliated" and/or "associated" companies on the website.



12. A copy of the ASIC letter, dated June 16, 2008, is attached as Exhibit "B."

13. At the request of one of ASIC's senior accountants, a meeting was arranged and conducted on July 2nd 2008 to discuss the substance of Richfield International Limited's year end filings and to address the concerns which had arisen during ASIC's review of same.

14. We had one of Richfield International Limited's auditors/accountants who had prepared the year end filings, Mr. David Choong (of Jim Lim & Co Pty Ltd), along with Mr. Steven Pynt (the Chairman of Richfield International Limited) attend the meeting.

15. I received an Email that same day (July 2, 2008) from Mr. Choong with a list of items after attended the meeting with ASIC, which needed to be discussed and addressed by the Directors of the company.

16. One of the main concerns raised by ASIC's was the fact that we had identified "affiliated" and/or "associated" companies on our website, but did not include any information or data in the 2007 year end financial report concerning same.

17. We explained to ASIC that the companies were only associated in the sense that we did business together. It is my understanding that after considering our explanation and doing its' own due diligence, ASIC accepted our explanation as a true and accurate summary of the nature of the relationships between the companies listed on the website.

18. Concurrently with our dealings with ASIC, we took a decision to change the website, remove the references to "associated and affiliated companies," and to amend our group structure diagram accordingly. We had realized that our website was not as clear to a visitor to our site that was unfamiliar with our business as it was to us.

3



19. It is my understanding that there has been an argument presented that we had changed the website and removed the aforementioned information in an attempt to mislead the court or otherwise be deceptive. Any and all such allegations are 100% false.

20. After the meeting with ASIC, we promptly took the remedial measures noted above in order to respond to the concerns raised during the ASIC review of our 2007 financial disclosures.

21. The decision and actions to amend the website had nothing to do with the NY Rule B attachment action.

22. In fact, it was not until July 16, 2008 that either I or any of my colleagues became aware that there had been an attachment of funds and/or that there had been a legal proceeding issued against RICHFIELD MARINE in NY.

23. Attached hereto as Exhibit "C" is a copy of a message I received from our banker at JP Morgan Chase Bank, which was the very first notice we had received of any restraint of funds and/or the subject legal proceedings

24. Previously, I advised the Court that apart from "having similar names, Richfield Corporation Ltd. is _wholly unrelated_ to RICHFIELD MARINE (and/or Richfield International Ltd. and/or Speeda)." This is 100% true. The extent of our relationship is an arms length business relationship.

25. I previously stated that "RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), are completely separate and distinct corporate entities from Richfield Corporation Ltd." This is 100% true.

26. I previously stated: "RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), have no overlap in ownership, officers, directors and personnel with Richfield Corporation Ltd., the defendant in this matter." To the best of my

4



knowledge, this is 100% true.  I say to the best of my knowledge because I do not have first hand knowledge of the precise structures of Richfield Corporation Ltd.  For sure, there are no common ownership links known to me.  Similarly, I am 100% sure that there are no common officers, directors or shared personnel.

27. I previously stated: "RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), do not share office space; do not have a common address; have completely separate telephone numbers; and have completely different Email addresses from Richfield Corporation Ltd., the defendant in this matter." This is 100% true.

28. I previously stated: "Richfield Corporation Ltd., the defendant in this matter, has absolutely nothing to say about how RICHFIELD MARINE (and/or Richfield International Ltd. and/or Speeda) conducts its business." This is 100% true.

29. I previously stated: "RICHFIELD MARINE (as well as Richfield International Ltd. and Speeda), has never guaranteed anything on behalf of Richfield Corporation Ltd." This is 100% true.

30. I previously stated: "I know Richfield Corporation Limited to be a Bangladeshi company.  The business dealings I have had with them have been with an individual named Zaman Anis, who I understand to be the director of that company. I have advised Mr. Anis of the outstanding lawsuit and have advised that Plaintiff's counsel has alleged that our companies are alter egos.  In response, and as further evidence of the fact that there is no relation between RICHFIELD MARINE and Richfield Corporation Ltd., Mr. Anis has provided me with three (3) testimonial letters." These statements and the testimonial letters provided by Mr. Anis are to the best of my knowledge 100% true.



31. I have previously advised the Court about the one (1) business transaction which our Shanghai office concluded with Richfield Corporation Ltd. I previously advised that: "Richfield Corporation Ltd. hired RICHFIELD MARINE to act as its local agent and brokered a deal in connection with a voyage charter party it concluded with Plaintiff, Kings Ocean, for the carriage of general cargo on board the M/V TINAI from Shanghai to Luanda, Angola. RICHFIELD MARINE was <u>NOT</u> a party to the charter-party or any other maritime contract Plaintiff or Richfield Corporation Ltd may have concluded by and between themselves." This is 100% true.

32. I have previously stated that: "As part of our agency services, we were asked to receive the freight being paid from the Chinese shipper. It is my understanding that the Chinese shipper was either unable or unwilling to make payment to a Bangladeshi company and insisted on making payment to a local registered company. Defendant, Richfield Corporation Ltd. asked us to assist in this regard, and we agreed. None of the funds that were paid or received in connection with that transaction were restrained." This is 100% true.

33. I previously described the nature of RICHFIELD MARINE's business as follows: "We act as local shipping agents for many different principals worldwide and regularly act as a conduit for payments to be made or received by our disclosed principal(s). This is customary in the marine brokerage and shipping agency business and precisely what we were asked to do (and did) for Richfield Corporation Ltd. in connection with an arms length transaction between two (2) otherwise unrelated business entities." This is 100% true.

34. I previously stated: "RICHFIELD MARINE is not qualified, registered, licensed or authorized to do business in the State of New York. RICHFIELD MARINE does not have an agent in New York who is authorized to accept service of process on its' behalf. RICHFIELD MARINE has not consented to jurisdiction in the State of New York nor has the company agreed to arbitration in the State of New York for any matters related to this lawsuit. RICHFIELD MARINE does not maintain an office or employees in the State of New York. RICHFIELD MARINE does not own property in the State of New York. RICHFIELD MARINE does not maintain bank accounts in the State of New York. RICHFIELD MARINE does not "do business" or conduct business within the State of New York." These statements are 100% true.

35. I am sure that the Plaintiff in this case is unable to produce any evidence to the contrary because none exists. The statements provided in my first declaration and above are 100% true.


I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.


Dated : August 4th, 2008
       Singapore

**CHAK CHEW TAN**

# EXHIBIT "A"



富田集团

# The Richfield Group

**For more information, please contact us at:**

## Richfield International Limited
(Listed on the Australian Securities Exchange)

250 Tanjong Pagar Road
#08-00 St. Andrew's Centre
Singapore 088541

Tel : (65) 6225 0133 (Directory)
Fax : (65) 6225 7115 / (65) 6226 3303
Telex : RS 35553 RISHIP
Email : group@richfield.com.sg
Website : www.richfield.com.sg

**Established Since 1984 - Over 20 Years In Shipping**

**ISO 9001:2000 Certified**







# Group Organisation Structure



**Richfield International Limited**
(A Public-Listed Company on the Australian Securities Exchange)

- **Commercial**
  - **Vanuatu Registries Limited**
    Ship Registry, Vanuatu International Company Registration & Maritime Affairs

- **Shipping**
  - **Richfield Marine Agencies (S) Pte Ltd**
    Shipping and Port Services
  - **Speeda Shipping Company (S) Pte Ltd**
    Container Traffic Operator and Ship Operator
  - **Richfield Shipmanagement Pte Ltd**
    Ship Management, Technical Management & Crew Manning

- **Investment**
  - **Richfield Marine Agencies (S) Pte Ltd (Shanghai Representative Office)**
    Chartering, Shipbroking, Ship Agency for Liner and Tramper
  - **Richfield Corporation Limited**
    Offshore Investment

*CORPORATE PROFILE*



## THE RICHFIELD GROUP

The Richfield Group of Companies comprising:

**Wholly-owned by Richfield International Limited
(A Public-Listed Company on the Australian Securities Exchange)**



Richfield Corporate Profile



- Richfield Marine Agencies (S) Pte Ltd
- Speeda Shipping Company (S) Pte Ltd
- Shanghai Richfield Marine Agencies (S) Pte Ltd

**Affiliated & Associated Members of the Richfield Group of Companies:**

- Richfield Shipmanagement Pte Ltd
- Richfield Shipmanagement (Yangon) Co Ltd
- Richfield Shipping (Bangladesh) Pvt Ltd
- Richfield Group Corporation Pte Ltd
- Richfield Corporation Limited
- Vanuatu Registries Ltd

***Bankers:***

1) JPMorgan Chase Bank, N.A.
2) Citibank Singapore Ltd

Richfield's strategy is to grow the current profitability of its business by utilising its specialist operational skills, management's long standing industry relationships, the increasing scale of operation and its strategic concentration on the Asia Pacific region.

# EXHIBIT "B"





**ASIC**

Australian Securities & Investments Commission

Our Ref: PMR2008/11996

16 June 2008

The Directors
Richfield International Limited
C/o Nissen Kestel Harford
PO Box 8281
SUBIACO  WA 6904

66 St George's Terrace, Perth
GPO Box 9827 Perth WA 6001
DX 158 Perth

Telephone: (08) 9261 4000
Facsimile:  (08) 9261 4010

Dear Sirs

### FINANCIAL REPORT FOR THE YEAR ENDED 31 DECEMBER 2007

The Australian Securities and Investments Commission ("ASIC") has reviewed aspects of the financial report of Richfield International Limited ACN 103 306 403 ("the Company") for the year ended 31 December 2007, lodged with ASIC on 20 March 2008 ("the Financial Report").

While ASIC is not expressing a definitive view about whether the Company's Financial Report complies with the accounting standards and gives a true and fair view of the Company's financial position and performance as required by sections 296 and 297 of the *Corporations Act 2001* ("the Act"), a number of areas of preliminary concern have been identified.

ASIC would like to discuss these matters with the Board or representative member(s) and in this regard would appreciate a representative of the Company contacting me in Perth on 9261 4169 with a view to arranging a meeting or conference call.

I look forward to hearing from you in due course.

Yours faithfully

**Allan Ausbruch**
**Senior Accountant**
**Australian Securities and Investments Commission**

EXHIBIT "C"

## George M. Chalos

**From:**    adina.wj.wong@jpmorgan.com
**Sent:**    Wednesday, July 16, 2008 2:14 AM
**To:**      jenniferlim@richfield.com.sg; tancc@richfield.com.sg
**Cc:**      reece.sy.lim@jpmorgan.com; Julia.Moo@jpmorgan.com
**Subject:** Richfield - US court order

Hi Mr Tan, Jennifer,

Please see attached what we received from our Legal in NY.

Would appreciate any further detail you can provide to help us resolve this issue.

Many thanks.

Best regards,
Adina.

Generally, this communication is for informational purposes only and it is not intended as an offer or solicitation for the purchase or sale of any financial instrument or as an official confirmation of any transaction. In the event you are receiving the offering materials attached below related to your interest in hedge funds or private equity, this communication may be intended as an offer or solicitation for the purchase or sale of such fund(s). All market prices, data and other information are not warranted as to completeness or accuracy and are subject to change without notice. Any comments or statements made herein do not necessarily reflect those of JPMorgan Chase & Co., its subsidiaries and affiliates. This transmission may contain information that is privileged, confidential, legally privileged, and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED. Although this transmission and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by JPMorgan Chase & Co., its subsidiaries and affiliates, as applicable, for any loss or damage arising in any way from its use. If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format. Thank you. Please refer to http://www.jpmorgan.com/pages/disclosures for disclosures relating to UK legal entities.



## FAX TRANSMITTAL FORM

Date: July 8, 2008

**Re:** Kings Ocean Shipping Co. Ltd., v. Richfield Corporation Ltd., and
Richfield Marine Agencies (S) PTE. Ltd.,
S.D.N.Y. No. 08 Civ. 01709 (Sullivan); Our Ref: 129038-06501

|   | TO: | BANK | FAX NO.: | CONFIRMATION NO.: |
|---|---|---|---|---|
| 1. | P. McElveen/S. Sterling | ABN AMRO Bank N.V. | (212) 409-7303 | (212) 409-1601 |
| 2. | Unaddressed | The Bank of New York | (212) 693-5042 | (732) 622-1063 |
| 3. | Jack Marcasciano | Bank of Communications | (212) 376-8099 | (212) 376-8030 ext. 210 |
| 4. | Jessica Sperando | HSBC Bank USA | (212) 382 7593 | (716) 841-2796 |
| 5. | Unaddressed | JP Morgan Chase Bank, N.A. | (917) 464-8069 | (212) 552-6732 |
| 6. | Chere Oliver | Wells Fargo Bank, Nat'l Assn. | (480) 724-5102 | (213) 253-7420 |

| **From:** | Neal Mitchell | **# of Pages:** (include cover) | 5 |
|---|---|---|---|
| **Phone:** | (212) 885-5146 | | |
| **Fax:** | (917) 332-3830 | **Client/Matter #:** | 129038-06501 |
| **Email:** | nmitchell@blankrome.com | | |
| **Atty No.:** | 05019 | | |

| ORIGINAL: | | WHEN COMPLETED: | |
|---|---|---|---|
| Will Follow: | | Call For Pickup: | |
| Will Not Follow: | x | Send Interoffice: | x |

**COVER MESSAGE:**
Dear Ladies and Gentlemen:

We have attached an Amended Court Order and Supplemental Writ of Maritime Attachment in the captioned matter. Hand-service has been made on or about June 25, 2008. Kindly notify us if any funds have been attached. Thank you for your cooperation.

Very truly yours,

Neal Mitchell

**CONFIDENTIALITY NOTE:**
The documents accompanying this fax transmission contain information, which may be confidential and/or legally privileged, from the law firm of Blank Rome LLP. The information is intended only for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faxed information is strictly prohibited, and that the documents should be returned to this firm immediately. If you have received this in error, please notify us by telephone immediately at the number listed above, collect, so that we may arrange for the return of the original documents to us at no cost to you. The unauthorized disclosure, use, or publication of confidential or privileged information inadvertently transmitted to you may result in criminal and/or civil liability.

| TRANSMITTED BY: | DATE SENT: | TIME SENT: | TIME CALLED: |
|---|---|---|---|
| BUSY: | NO ANSWER: | WRONG NUMBER: | NO CONNECTION: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 062308

KINGS OCEAN SHIPPING CO. LTD.,

                  Plaintiff,

    -v-

RICHFIELD CORPORATION LTD., AND
RICHFIELD MARINE AGENCIES (S) PTE. LTD.,

                  Defendants.

No. 08 Civ. 1709 (RJS)
EX PARTE ORDER FOR PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT

RICHARD J. SULLIVAN, District Judge:

    WHEREAS on June 19, 2008, Plaintiff Kings Ocean Shipping Co. Ltd. filed a Verified

Complaint herein for damages amounting to US$818,637.85, inclusive of interest, costs, and

attorneys' fees, and praying for the issuance of an ex parte order for Process of Maritime

Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

    WHEREAS the attorney for Plaintiff has filed a Supporting Affidavit describing the

efforts made by and on behalf of the Plaintiff to find and serve the Defendant within the District;

and

    WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit,

and the conditions set forth in Supplemental Admiralty Rule B appear to exist; and

    WHEREAS the Process of Maritime Attachment and Garnishment would command that

the United States Marshal or other designated process server attach any and all of the

Defendants' property within the Southern District of New York; IT IS HEREBY

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the Defendant by any garnishees within this District, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

2

ORDERED that if any of the Defendants' property is attached, the Plaintiff shall give prompt notice to the Defendant(s) of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means; and it is further

ORDERED that, regardless of whether any of the defendants' property has been attached, the parties in this action shall appear for a conference before the Court on

_____ in the United States District Court, Courtroom 21C, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated:       New York, New York
             June 20, 2008

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

CERTIFIED AS A TRUE COPY ON
THIS DATE  06·23·08
BY _____
          ( ) Clerk
          ( ) Deputy

3

Supplemental

<u>08 Civ. 1709</u> (RJS)
Docket No.

## THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the Marshal of the Southern District of New York - GREETINGS:

WHEREAS, an amended complaint has been filed in the United States District Court for the Southern District of New York on the 19th day of June, 2008 by

KINGS OCEAN SHIPPING CO. LTD.,

Plaintiff,

-against-

RICHFIELD CORPORATION LTD., and RICHFIELD MARINE AGENCIES (S) PTE. LTD

Defendant

in a certain action for breach of a charter party alleging to be due and owing the said Plaintiff the amount of <u>US$818,637.85</u> and praying for process of maritime attachment and garnishment against the said Defendant, and

WHEREAS, this process is issued pursuant to such prayer and requires that each garnishee shall serve its answer, together with answers to any interrogatories served with the complaint, within 20 days after service of process upon it and requires that each defendant shall serve its answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee.

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District you attach goods and chattels to the amount sued for; and if such property cannot be found that you attach credits and effects to the amount sued for, in the hands of garnishees in this district (1) ABN Amro Bank N.V.; (2) American Express Bank Ltd.; (3) Bank of America, N.A.; (4) The Bank of New York; (5) Citibank, N.A.; (6) HSBC Bank USA; (7) JP Morgan Chase Bank, N.A.; (8) Standard Chartered Bank; (9) Wachovia Bank, N.A. – New York; (10) Wells Fargo Bank, National Association; (11) Bank of China; (12) Bank of Communications; to wit: cash, funds, freight, hire, credits and owing up to the total sum of <u>US$818,637.85</u> and any other property in whatever form belonging to defendant, including but not limited to electronic fund transfers originated by, payable to or otherwise for the benefit of defendants, whether to or from Defendants' foreign banks, or any other electronic fund transfers and that you promptly after execution of this process, file the same in this Court, with your return thereon.

WITNESS, the Honorable Kimba M. Wood, Chief Judge of said Court, this 23 day of June, 2008, in the year of our Lord two thousand seven, and of our Independence the two hundred and thirty second.

BLANK ROME LLP
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
Tel.: (212) 885-5000
Attorneys for Plaintiff
*NOTE: This Process is issued pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.*

SDNY Form No. 2, PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT
3118122
129038.06501/6617401v.1

J. MICHAEL McMAHON
CLERK

By:
Deputy Clerk

CERTIFIED A TRUE COPY ON

THIS DATE 06.23.08

BY: Clerk / Deputy