UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KINGS OCEAN SHIPPING CO. LTD.

               *Plaintiff,*                     08 Civ. 1709 (RJS)

-  against -

RICHFIELD CORPORATION LTD. and
RICHFIELD MARINE AGENCIES (S) PTE. LTD.,

               *Defendants.*
------------------------------------------------------------X


## RICHFIELD MARINE'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO VACATE MARITIME ATTACHMENT AND TO DISMISS

**COMES NOW**, Defendant, Richfield Marine Agencies (S) Pte. Ltd. ("RICHFIELD MARINE"), by and through undersigned counsel and submits this Reply Memorandum in further support of its Motion to Dismiss and/or to Vacate the Court's *ex parte* Orders of Attachment dated February 22, 2008 and June 23, 2008 (Docket Entries #2 and #6, respectively).

### RICHFIELD MARINE'S MOTION TO DISMISS SHOULD BE GRANTED *AS A MATTER OF LAW*

As the Court will recall, RICHFIELD MARINE previously moved to dismiss the action pursuant to Fed. R. Civ.P. 12(b)(2) and 12(b)(6) **and** moved to vacate the attachment under Rule E. It is within the sound discretion of this Court to convert a Rule 12 motion into a summary judgment motion. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999); See also *Diezcabeza v. Lynch*, 75 F. Supp. 2d 250, 256 (S.D.N.Y. 1999) ("The Court may, at its discretion, consider the affidavits attached to the motion and thereby treat the instant motion as one for summary judgment").

1

Pursuant to Rule 56, summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *SCS Communications, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 338 (2d Cir. 2004). Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (internal citations omitted).

Here, there are no genuine issues of material fact. As clearly set forth in the Tan declarations, RICHFIELD MARINE was not a party to the underlying maritime contract, which gives rise to its claim.[1] Additionally, Mr. Tan irrefutably has testified that RICHFIELD MARINE is a complete separate and distinct entity from the target defendant, Richfield Corporation Ltd[2]; that RICHFIELD MARINE has no overlap in ownership, officers, directors and/or personnel with target defendant;[3] and that RICHFIELD MARINE does not share office space, addresses, phone numbers, fax lines, Email domains, etc. with the target defendant.[4] In response, Plaintiff's have offered no argument, let alone admissible evidence, to rebut such allegations.

Rather, Plaintiff's counsel has submitted an attorney declaration simply challenging the timing of when changes were made to the RICHFIELD MARINE

---

[1] Tan Declaration, July 29, 2008, at para. 22.
[2] Tan Declaration, July 29, 2008, at para. 13.
[3] Tan Declaration, July 29, 2008, at para. 14.
[4] Tan Declaration, July 29, 2008, at para. 15.

website and has asked the Court to disregard the entirety of Mr. Tan's testimony.[5] Of course, Plaintiff's argument completely misses the mark, as (1) there is no dispute that the reference to the target defendant, Richfield Corporation, was removed from the RICHFIELD MARINE website; (2) the inclusion/deletion of Richfield Corporation on/from the RICHFIELD MARINE website is immaterial as to whether there is sustainable basis to continue the alter ego claims as against RICHFIELD MARINE; and (3) effectively does little more than make Plaintiff's counsel a witness to the nature and substance of the protocol used when he conducted the June 17, 2008 internet search and further serves to disqualify Blank Rome from continuing in its representation of Plaintiff should Plaintiff wish to continue to maintain that there is some significance to the timing of the website revision in connection with this Court's evaluation of its alter ego allegations.

Moreover, there can be no meaningful dispute about the fact that the Second Circuit has clearly identified the factors relevant to the issue of whether one company is the alter ego of another, (of which "website content" is not one):

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debt by the dominating entity, and (10) intermingling of property between entities.

See *MAG Portfolio Consultant, GMBH v. Merlin Biomed Group, LLC*, 268 F.3d 58 (2d Cir. 2001). Here, despite the testimony presented by Mr. Tan in the two (2) declarations

---

[5] In further support of the testimony previously provided by Mr. Tan, RICHFIELD MARINE submits the Declaration of Larry Poh, RICHFIELD MARINE's exclusive IT consultant, a copy of which is attached hereto as Exhibit A.

he has submitted, Plaintiff has wholly failed to offer any evidence in rebuttal to create a question of fact on any of the aforementioned factors. In simple terms, Plaintiff's boiler plate alter ego allegations are nothing more than pure speculation, which are wholly insufficient, *as a matter of law*, to defeat RICHFIELD MARINE's motion to dismiss Plaintiff's Amended Verified Complaint.

Accordingly, RICHFIELD MARINE respectfully request this Honorable Court to issue and order dismissing Plaintiff's Amended Verified Complaint and vacating the pending attachment.

## PLAINTIFF HAS FAILED TO MEET ITS BURDEN TO SHOW WHY THE ORDER SHOULD NOT BE VACATED

As for the pending attachment, Plaintiff has incorrectly stated the applicable standard of proof once property has been attached in a Rule B action. While an order of attachment may be issued under a *prima facie* showing at the initial *ex parte* application stage, the burden to sustain the attachment is on Plaintiff once property has been restrained. It is common ground between the parties that Rule E(4)(f) mandates that it is Plaintiff's burden to show why the attachment ***should not be vacated***. *T&O Shpping, Ltd., v. Lydia Mar Shipping Co. S.A.*, 415 F.Supp.2d 310, 313 (S.D.N.Y. 2006).

Specifically, Rule E(4)(f) prescribes the burden of proof which is upon the plaintiff and confirms that if the plaintiff fails to meet this burden, then the attachment ***must*** be vacated (unless the Plaintiff can affirmatively show that reasonable grounds exist for maintaining the attachment). *Proshipline Inc. v. Aspen Infrastructures Ltd.*, No. 07-10969, 2008 U.S. Dist LEXIS 7884 *8 (S.D.N.Y Feb. 1, 2008)(*quoting Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd* 460 F.3d 434, 445 (2d Cir. 2006)); *Wajilam*

4

*Export (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* No. 05-7955, 2006 U.S. Dist. LEXIS 77033, *7-8 (S.D.N.Y. Oct. 23, 2006).

As stated above, Mr. Tan has clearly and irrefutably testified that RICHFIELD MARINE: (1) was not a party to the underlying maritime contract; (2) is a completely separate and distinct entity from the target defendant, Richfield Corporation Ltd; (3) has no overlap in ownership, officers, directors and/or personnel with target defendant; and does not share office space, addresses, phone numbers, fax lines, Email domains, etc. with the target defendant; and (4) is now suffering irreparable harm as a result of the pending attachment.

In response, Plaintiff has offered no argument, let alone admissible evidence, to refute such allegations. Rather, Plaintiff has simply asked this Court to find that it has sufficiently completed the mechanical exercise of including boiler plate allegations in its Amended Complaint. While Plaintiff could argue that there is a split of authority as to whether this Court should apply a "reasonable grounds" standard,[6] or simply follow a more lenient *prima facie* standard (as is urged by Plaintiff), Plaintiff's attachment as against RICHFIELD MARINE clearly fails under <u>both</u> standards.

Plaintiff's Amended Verified Complaint fails to set forth sufficient allegations concerning RICHFIELD MARINE to justify the attachment of RICHFIELD MARINE's property. Here, Plaintiff's Amended Verified Complaint merely contains boiler plate allegations that Richfield Corp. and RICHFIELD MARINE *"are commonly owned and share common offices, telephone and fax numbers, officers and employees. Additionally, said Defendants commingle their funds and/or pay one another's obligations to third-*

---

[6] See *Wajilam Export (Singapore) Pte. Ltd. v. ATL Shipping Ltd.,* supra.

*parties.*" *See* Amended Complaint, at para.9. Mr. Tan has rebutted all such allegations, as has Mr. Anis (of Richfield Corporation); to which Plaintiff has remained silent.

Supplemental Rule E demands a level of "particularity" greater than that otherwise tolerated in a normal notice pleading.[7] This heightened pleading standard is…a legal rule designed to counterbalance the unique and drastic remedies that are available in *in rem* admiralty proceedings. *Id. (*quoting *P.R. Ports Auth. V. Barge KATY – B,* 427 F. 3d 93, 105 (1st Cir. 2005)).

In *Brave Bulk Transport Ltd.*, Judge McMahon found that wholly conclusory allegations – such as those presented here -- were "simply insufficient." Judge McMahon further went on to caution: "Were a plaintiff to be permitted to rely on such allegations to obtain an attachment against an entity that is not a party to a contract sued on, the already thinly stretched remedy of maritime attachment could disrupt the commercial activities of entities whose links to the real defendants in interest are tenuous [or] non-existent." *Brave Bulk Transport Ltd., v. Spot on Shipping Ltd.*, 2007 U.S. Dist. LEXIS 81137, (S.D.N.Y., 2007).

In *Fesco Ocean Management Ltd.*, Judge Buchwald applied a "reasonable grounds" standard to a Rule B attachment claim based upon alter ego allegations. *Fesco Ocean Management Ltd., v. High Seas Shipping Ltd.,* 2007 U.S. Dist. LEXIS 19970 (S.D.N.Y., 2007).

Accordingly, RICHFIELD MARINE respectfully submits that the this Court should follow Judge McMahon and Judge Buchwald and find that Plaintiff's failure to

---

[7] Fed. R. Civ. P. E(2)(a); see also, *P.R. Ports Auth. V. Barge Katy-B*, 427 F.3d 93, 105 (1st Cir. 2005)("This heightened pleading standard is not some pettifogging technicality meant to trap the unwary, but, rather a legal rule designed to counterbalance the unique and drastic remedies that are available in in rem admiralty proceedings").

6

make *any* showing that it has reasonable grounds to support its boiler plate allegations requires the attachment to be vacated and the Amended Verified Complain to be dismissed as against RICHFIELD MARINE.

### PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ITS AMENDED VERIFIED COMPLAINT

Plaintiff requests that: *"if the Court considers the averrals in the Amended Complaint to be insufficient, Plaintiff requests and opportunity to amend it . . ."* See Plaintiff's Memorandum of Law In Opposition at p. 12. This request should be denied. While leave to amend is often granted, leave should not be granted where, as here, the proposed amendments are futile. *Azurite Corp. Ltd. v. Amster & Co*, 52 F.3d 15 (2d. Cir. 1995).

Assuming, *arguendo,* that there was a connection between RICHFIELD MARINE and the target defendant (a contention which has been vehemently denied by both Mr. Tan of RICHFIELD MARINE and Mr. Anis of Richfield Corporation), Plaintiff's proposed <u>Second</u> Amended Complaint fails to sufficiently allege a basis upon which the Court could find RICHFIELD MARINE liable for the purported debts of Richfield Corporation.

The courts in this circuit have been unwilling to hold an alleged alter ego company liable for the debts of another in situations where there is much more damaging evidence available than those allegations contained within the Plaintiff's proposed <u>Second</u> Amended Complaint. For example, it has long been held that the ownership by the parent of all of its subsidiary's stock is not a sufficient reason, by itself, to disregard distinct corporate entities. *Williams v. McCallister Brothers Inc.*, 534 F. 2d 19, 32 (2d

Cir., 1976). No such relationship is even alleged to be present here. Moreover, actual domination, by the parent over the subsidiary, rather than the opportunity to exercise control must be shown. *Id: Banegas v. United Brands Co.,* 663 F. Supp. 198, 201 (D.S.C. 1986). No such allegations have been raised here (and no evidence has been offered to refute Mr. Tan's testimony to the contrary).

In <u>Coastal States Trading, Inc. v. Zenith Navigation S.A.</u>, 446 F. Supp. 330 (S.D.N.Y., 1997), the court refused to disregard a subsidiary corporation's separate existence. In that case, the parent and subsidiaries shared the same address and telephone number and employees of the parent company commonly referred to the subsidiaries as "divisions" or "arms" of the parent. At the highest corporate level, there was also a substantial overlap of officers and directors and all of the subsidiary corporations' financial records were prepared and maintained by the parent's accounting department. On the other hand, each of the corporations had its own employees and each were "responsible for making their own profits and function[ed] as independent profit centers." *Id.* at 336. The corporations maintained separate corporate and financial records.

Ultimately, the court held that, although the plaintiff has proved that the corporations were indeed closely related, it failed to prove that the parent so dominated the subsidiary that the latter's corporate identity should be disregarded. The court stated that proof of close association and dealings "is not sufficient to establish that the parent so totally dictated the business and financial practices of its subsidiaries, either generally or in the transaction here at issue, that the alter ego doctrine should be applicable." *Id.* at 338.

Here, even if the allegations presented in the proposed Second Amended Complaint were true (which they are not), they would be wholly insufficient to cast RICHFIELD MARINE into liability for the alleged debts of Richfield Corporation Limited.

### IN THE ALTERNATIVE, THE ATTACHMENT ORDER SHOULD BE MODIFIED TO DIRECT THAT ONLY EFTs ORIGINATED BY RICHFIELD MARINE BE SUBJECT TO ATTACHMENT

In response to RICHFIELD MARINE's argument that this Honorable Court should follow the reasoning of Judge Rakoff in *Seamar Shipping Corp. v. Kremikovtzi Trade Ltd.*, 461 F. Supp. 2d 222, 225 (S.D.N.Y., 2006), Plaintiff argued that the *Seamar Shipping* decision stands alone and is otherwise a lone exception. This contention is not correct. On June 27, 2008, Judge Rakoff issued a decision in *The Shipping Corporation of India. Ltd. v. Jaldhi Overseas Pte. Ltd.*, 2008 U.S. Dist LEXIS 49209 (June 27, 2008), which followed the reasoning and rationale of the *Seamar Shipping* matter.

As before, if the Court does not dismiss the action and/or vacate the attachment, RICHFIELD MARINE respectfully submits that this Court should follow Judge Rakoff and find that an EFT is the property of an originator while in transit and <u>not</u> the property of the beneficiary while in transit and amend Attachment Order to direct only the attachment of EFTs originated by RICHFIELD MARINE.

### CONCLUSION

Based upon the foregoing and the accompanying Declarations, it is respectfully requested that the Court issue an Order dismissing the matter in its entirety and/or vacating the order of attachment as against RICHFIELD MARINE. In the alternative, RICHFIELD MARINE respectfully requests that the Attachment Order be modified to

permit restraint of only EFT's where RICHFIELD MARINE was and or may be the originator. Defendant, RICHFIELD MARINE, further requests that the Court grant such other and further relief as it deems just and proper under the circumstances, including, but not limited to, an award of the legal fees and expenses it has been forced to expend in contesting this wrongful attachment.

Dated: Oyster Bay, New York  
       August 12, 2008

Respectfully submitted

**CHALOS & CO, P.C.**  
*Attorneys for Defendant*  
RICHFIELD MARINE  
AGENCIES (S) PTE. LTD.

By _____  
George M. Chalos (GC 8693)  
123 South Street  
Oyster Bay, New York 11771  
Tel: (516) 714-4300  
Fax: (866) 702-4577  
E-mail: gmc@chaloslaw.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
KINGS OCEAN SHIPPING CO. LTD.

               *Plaintiff,*               08 Civ. 1709 (RJS)

   - against -

RICHFIELD CORPORATION LTD. and
RICHFIELD MARINE AGENCIES (S) PTE. LTD.,

               *Defendants.*
-----------------------------------------------------------X

## DECLARATION OF LARRY POH

    I, **LARRY POH**, pursuant to Section 1746 of Title 18 of the United States Code, hereby declare and say the following under penalty of perjury:

1. I am an individual of sound mind and body, and have never been convicted of a crime of moral turpitude.

2. My company, Desktop Systems, (Blk 439 Ang Mo Kio Ave 10, #07-1317, Singapore), and I are the exclusive IT service providers to Richfield Marine Agencies (S) Pte Ltd.

3. We have exclusively maintained the website found at www.richfield.com.sg for the past ten (10) years.

4. I am the only person authorized to access the website and make changes to its contents.

5. I have reviewed my files in the computer and confirm that there were no record of any changes to the above mentioned website in June 2008.

6. I make this declaration based upon my best personal knowledge and our official company records that are available.

1

7. It is my understanding that counsel for the Plaintiff in the above noted matter has alleged that a reference to Richfield Corporation was deleted from the aforementioned website on or before June 17, 2007.

8. Neither I nor my company have any files in my computer of ever making such a change in June. Additionally, I have no memory of making such change during June.

9. Rather, I recall discussing various changes to be made to the website with Mr. C.C. Tan in early July; following which I removed references to several companies, which Mr. Tan had told me needed to be removed because there had been some confusion caused by their inclusion on the website.

10. To the best of my recollection and records, I made the requested revisions on or about July 3.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge.

Dated: August 12th, 2008
Singapore

_____
LARRY POH